NOT DESIGNATED FOR PUBLICATION

No. 127,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JHOAN JARAMILLO-SALCEDO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed January 24, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM: Jhoan Jaramillo-Salcedo appeals the district court's imposition of a three-day jail sanction after he admitted to several violations of his probation conditions. We granted a motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State responded, asking this court to affirm. After reviewing the record and issue presented, we affirm.

1

In December 2022, Jaramillo-Salcedo pled guilty to several crimes, including: two counts of aggravated battery, two counts of criminal restraint, and one count of misdemeanor theft.

In February 2023, the district court sentenced Jaramillo-Salcedo to a controlling underlying prison sentence of 25 months but granted a 24-month probation term. At sentencing, the court also imposed a suspended 60-day jail sanction and authorized an additional 18 days of jail time for any "'[q]uick [d]ip'" sanctions.

At a hearing in December 2023, Jaramillo-Salcedo admitted to violating his probation in several ways, including by failing to report five total times over the course of a month, failing to complete a drug and alcohol evaluation, failing to complete a domestic violence offender assessment, and leaving the state of Kansas without permission from his supervising officer.

Jaramillo-Salcedo asked the district court to reinstate probation without imposing any sanctions, explaining that he was trying to move on from a divorce and had made positive changes in his life. Jaramillo-Salcedo further explained that he was now living with a friend and looking for a job, trying to get his life back on track. Alternatively, defense counsel requested the court to consider ordering Jaramillo-Salcedo to complete a residential program as requested by his supervising officer.

The district court followed the State and probation officer's recommendation, ordering Jaramillo-Salcedo to complete a residential program and serve a three-day intermediate jail sanction with credit for time served. The court also authorized an additional 18 days of jail sanction time.

Jaramillo-Salcedo appealed.

ANALYSIS

Jaramillo-Salcedo argues the district court abused its discretion when it imposed a three-day intermediate jail sanction rather than reinstate probation without any sanctions.

Jaramillo-Salcedo does not contest the district court's finding that he violated his probation, so that ruling is not at issue in this appeal. Nor does he contest imposing the residential program. Instead, he contests only the decision to impose an intermediate sanction of three days in jail, which we review for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). ("This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion.").

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). Unless the district court has made a legal or factual error its discretionary decision will only be set aside if no reasonable person could agree with it. *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020). And Jaramillo-Salcedo bears the burden of showing the district court abused its discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

The district court's discretionary decision to impose an intermediate sanction here was authorized by the graduated sanction scheme outlined in K.S.A. 22-3716. Under that scheme, the district court is required to impose at least one two- or three-day sanction of confinement in a county jail before revoking a defendant's probation. K.S.A. 22-3716(c)(1)(B) and (C). Thus, the district court's imposition of a three-day jail sanction was consistent with the letter and spirit of the statutory scheme.

3

Jaramillo-Salcedo acknowledges the district court did not commit a legal or factual error in imposing a sanction, so the only question is whether no reasonable person would have agreed the intermediate sanction was necessary. Jaramillo-Salcedo asserts his probation violations stemmed from his "poor handling" of his divorce. He also points out that he had taken affirmative steps to get his life back on track, including securing a new place to live, establishing a support group, and actively looking for employment. But Jaramillo-Salcedo admitted to failing to report five times during the first month of beginning probation and later left the state without seeking permission from his supervising officer. Put simply, Jaramillo-Salcedo fails to meet his burden of establishing that no reasonable person would have made the decision made here by the district court.

Affirmed.